UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALVARO DECTOR and WILSON ROMERO, individually, and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | Jury Trial Demanded |
| RCI PLUMBING CORP., CHRISTOPHER CHIERCHIO and ROBERT CUCUZZA, | |
| Defendants. | |

_____

Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiffs worked for Defendants as plumbers and mechanics at Defendants' company known as RCI Plumbing Corp., in Manhattan and Staten Island, New York, from in or around February 2016 through January 2017.

2. Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees to seek redress against Defendants for Defendants' failure to pay Plaintiffs and the workers at RCI Plumbing Corp. overtime wages and a failure to provide proper statements with each payment of wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3. Throughout their employment, Plaintiffs worked forty-eight (48) hours or more per week and were paid at hourly rates ranging from $15.00 to $22.00 per hour. Irrespective of the

number of hours they worked per week, Plaintiffs were paid at their regular hourly rates and were not paid one and one half times their regular hourly rates for their hours worked in excess of forty hours per week.

## PARTIES

4. Plaintiff Alvaro Dector (hereinafter referred to as "Plaintiff Dector") was and still is a resident of the County of Bronx, State of New York.

5. Plaintiff Wilson Romero (hereinafter referred to as "Plaintiff Romero") was and still is a resident of the County of Bronx, State of New York.

6. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7. Defendant RCI Plumbing Corp. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York with its principal place of business located at 553 Lincoln Avenue, Staten Island, New York 10306.

8. Defendant Christopher Chierchio was and still is a resident of the State of New York.

9. Defendant Christopher Chierchio was and still is the owner and/or operator of the premises located at 553 Lincoln Avenue, Staten Island, New York 10306.

10. Defendant Christopher Chierchio was and still is in active control and management of Defendant RCI Plumbing Corp., regulates the employment of persons employed by the corporate Defendant, acts directly and indirectly in the interest of the corporate Defendant in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

11. Defendant Robert Cucuzza was and still is a resident of the State of New York.

12. Defendant Robert Cucuzza was and still is the owner and/or operator of the premises located at 553 Lincoln Avenue, Staten Island, New York 10306.

13. Defendant Robert Cucuzza was and still is the chief executive officer ("CEO") of Defendant RCI Plumbing Corp.

14. Defendant Robert Cucuzza was and still is in active control and management of Defendant RCI Plumbing Corp., regulates the employment of persons employed by the corporate Defendant, acts directly and indirectly in the interest of the corporate Defendant in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

15. Defendants are covered employers within the meaning of the FLSA and the NYLL, and at all relevant times employed the Plaintiffs.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

17. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367 in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and the Defendants' conduct a substantial amount of business within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

19. Defendant RCI Plumbing Corp. is a contracting company that provides plumbing, heating and air-conditioning services for residences and commercial businesses in Staten Island

and Manhattan, New York.

20. Defendant RCI Plumbing Corp. has been in operation since 2002 and currently employs fifty (50) or more workers consisting of plumbers, mechanics and laborers.

### *Plaintiff Alvaro Dector*

21. Plaintiff Dector worked for Defendants as a plumber and junior mechanic from on or about June 24, 2016 through January 24, 2017.

22. As a plumber and junior mechanic, Plaintiff Dector's duties, included, without limitation, installing drains, pipes and performing tapwork.

23. Throughout his employment, Plaintiff Dector worked 7:00 a.m. to 3:30 p.m., Monday through Saturday, with a half hour lunch break each workday, for an approximate total of forty-eight (48) hours per week.

24. Plaintiff Dector was paid $22.00 per hour during his employment.

25. Irrespective of the number of hours he worked per week, Plaintiff Dector was paid his straight hourly rate and was not paid one and one half times his regular hourly rate for hours worked in excess of forty (40) hours per week.

26. Plaintiff Dector was paid for his first forty (40) hours worked by check and was paid at his regular rate of pay for his overtime hours by cash.

### *Plaintiff Wilson Romero*

27. Plaintiff Romero worked for Defendants as a plumber and junior mechanic from on or about February 2, 2016 through November 27, 2016.

28. As a plumber and junior mechanic, Plaintiff Romero's duties, included, without limitation, installing drains, pipes and performing tapwork.

29. From on or about February 3, 2016 through April 2016, Plaintiff Romero worked 7:00 a.m. to 7:00 p.m. Monday through Friday, and 7:00 a.m. to 2:30 p.m. on Saturday, with a half hour lunch break each workday, for an approximate total of sixty-four and one half (64.5) hours per week.

30. From February 2016 through April 2016, Plaintiff Romero was paid $15.00 per hour.

31. From in or around May 2016 through November 27, 2016, Plaintiff Romero worked 7:00 a.m. to 3:30 p.m., Monday through Saturday, with a half hour lunch break each workday, for an approximate total of forty-eight (48) hours per week.

32. From in or around May 2016 through November 27, 2016, Plaintiff Romero was paid $17.00 per hour.

33. Irrespective of the number of hours he worked per week, Plaintiff Romero was paid his straight hourly rate and was not paid one and one half times his regular hourly rate for hours worked in excess of forty (40) hours per week.

34. Plaintiff Romero was paid for his first forty (40) hours worked by check and was paid at his regular rate of pay for his overtime hours by cash.

*Violations*

35. At all relevant times, Defendant Christopher Chierchio was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiffs at RCI Plumbing Corp.

36. At all relevant times, Defendant Robert Cucuzza was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the workers and Plaintiffs at RCI Plumbing Corp.

37.     At all relevant times, each of the Defendants maintained control, oversight and authority over Plaintiffs in the terms and conditions of Plaintiffs' employment and payment of wages, and were therefore Plaintiffs' employer as defined under the FLSA and NYLL.

38.     The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

39.     Plaintiffs were entitled to be paid at least one and one-half times their respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

40.     Throughout their employment, Plaintiffs worked in excess of forty (40) hours per workweek, and were therefore entitled to receive overtime wages.

41.     At no time during their employment were Plaintiffs paid one and one-half times their regular hourly work rate for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

42.     At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions.

43.     At no time during their employment were Plaintiffs provided with proper wage statements.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

45. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

46. Plaintiffs bring the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as plumbers, mechanics and laborers from the period of January 1, 2014 to the date of final judgment in this matter, who were not paid their full overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "RCI Collective").

47. Upon information and belief, the RCI Collective consists of approximately two hundred (200) similarly situated individuals who have not been paid their full overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

48. Defendants have failed to pay all overtime wages owed to employees other than those in the RCI Collective, and Plaintiffs reserve the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

49. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

50. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

51. Plaintiffs bring this case a representative of a class of all other persons similarly situated.

52. Plaintiffs seek the certification of a class of all persons who, during the relevant time period of January 1, 2011 to the date of final judgment in this matter, have been employed by

Defendants as plumbers, mechanics and laborers; were not paid their full wages; were not paid overtime wages for hours worked in excess of forty (40) hours per week; and were not provided wage payment statements (hereinafter referred to as the "RCI Class").

53. Upon information and belief, the RCI Class includes over two hundred (200) similarly situated individuals who have not been paid overtime wages, have not received wage payment statements, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

54. The RCI Class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

55. There are questions of law and fact common to all members of the RCI Class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

56. Common questions of law and fact include, but are not limited to, the following:

  A. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

  B. Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

  C. Whether Defendants have consistently failed to provide wage payment statements as required by the NYLL.

57. Plaintiffs' wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

58. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

59. Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

60. Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

61. Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS-WIDE FACTUAL ALLEGATIONS

62. Plaintiffs and members of the RCI Class have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the NYLL by denying them, including without limitation, their full overtime wages and wage statements.

63. As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the RCI Class by engaging in a pattern, practice and/or policy of violating the NYLL.

64. Defendants have substantially benefitted and profited from the work that Plaintiffs and the RCI Class have performed.

65. Defendants failed to keep any records of the hours worked by the Plaintiffs and the RCI Class.

66. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

67. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

68. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the RCI Class.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

69. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

70. At all relevant times, Plaintiffs and the RCI Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

71. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

72. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

73. As the Defendants shared control of the services of the Plaintiffs and the RCI Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

74. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

75. Defendants expected Plaintiffs and the RCI Collective to work more than forty (40) hours a week, and Plaintiffs and the RCI Collective regularly worked more than forty (40) hours a week throughout their employment.

76. At no time have the Defendants paid Plaintiffs and the RCI Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

77. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the RCI Collective for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

78. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the RCI Collective required overtime wages, Plaintiffs and the RCI Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

79. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the RCI Collective was in compliance with the law, Plaintiffs and the RCI Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

80. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

81. At all relevant times, Plaintiffs and the RCI Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

82. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

83. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

84. Defendants expected Plaintiffs and the RCI Class to work more than forty (40) hours a week, and Plaintiffs and the RCI Class regularly worked more than forty (40) hours a week throughout their employment.

85. At no time have the Defendants paid Plaintiffs and the RCI Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

86. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the RCI Class for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

87. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the RCI Class required overtime wages, Plaintiffs and the RCI Class have been damaged and are

entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

88. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the RCI Class was in compliance with the law, Plaintiffs and the RCI Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

89. Plaintiffs repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

90. At all relevant times, Defendants failed to provide Plaintiffs and the RCI Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

91. As Defendants failed to provide Plaintiffs and the RCI Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs and the RCI Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, on their own behalves and on behalf of all others similarly situated, seeks the following relief:

A. On the First Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. Interest;

E. Costs and disbursements; and

F. Such other and further relief as is just and proper.

Dated: Melville, New York
March 29, 2017

Respectfully submitted,
SLATER SLATER SCHULMAN LLP

By: /s/_____
Matthew Madzelan, Esq.
Attorneys for Plaintiffs
445 Broad Hollow Road, Suite 334
Melville, New York 11747
(631) 420-9300