UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVARO DECTOR *and* WILSON ROMERO,
*individually and on behalf of others similarly
situated*,

                              Plaintiffs,

                    – against –

CHRISTOPHER CHIERCHIO, RCI PLBG,
INC. *and* ROBERT DIMICELI,
                              Defendants.

**OPINION & ORDER**

17 Civ. 2269 (ER)

Ramos, D.J.:

        On March 29, 2017, Alvaro Dector and Wilson Romero brought the above-captained action against Christopher Chierchio, RCI PLBG, and Robert Dimiceli for failure to pay overtime compensation and failure to furnish accurate wage statements and notices in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1 (amended at Doc. 9). The plaintiffs have submitted an application for the Court to approve the parties' settlement agreement on behalf of themselves and a putative class. Doc. 154. Notably, the plaintiffs have not submitted any records substantiating their calculation of the settlement amount or a way for the Court to calculate the lodestar amount of attorneys' fees. Accordingly, the application is DENIED.

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15

Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasona-
> ble, a court should consider the totality of circumstances, including
> but not limited to the following factors:  (1) the plaintiff's range of
> possible recovery; (2) the extent to which the settlement will enable
> the parties to avoid anticipated burdens and expenses in establishing
> their respective claims and defenses; (3) the seriousness of the liti-
> gation risks faced by the parties; (4) whether the settlement agree-
> ment is the product of arm's-length bargaining between experienced
> counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2

(S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335

(S.D.N.Y. 2012)).

## I.    THE SETTLEMENT AMOUNT

The Agreement provides for a total settlement of $550,000.  Doc. 154 Ex. 1

("Agreement") ¶ 2.  The plaintiffs represent in their letter that this amount includes

approximately $225,000 in unpaid wage and overtime wages for the putative class,

approximately $28,000 in to compensate for allegations of wage theft under New York

law, approximately $5000 in costs, an attorney's fee award of just over $183,000,

administration costs of $25,000, and $83,000 representing a 37% recovery of liquidated

damages. Doc. 154 at 3–4; *see also* Agreement ¶ 2(b).

In urging the Court to approve this award, the plaintiffs note that this amount

represents nearly all wages owed and a substantial portion of liquidated damages.  Due to

the inherent risks of trial, they suggest, they and the putative class may receive a lesser

award if they were to proceed to trial.  In addition, they point out that the ongoing

pandemic of COVID-19 could negatively affect the defendants' finances and prevent

further recovery.

While these contentions may be true, the Court "require[s] *some* evidence — *e.g.,* declarations, affidavits or exhibits — to evaluate the settlement." *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3 (S.D.N.Y. Apr. 27, 2015) (emphasis added). The settlement application contains no information on the wages of the members of the putative class, the number of overtime hours worked, or a calculation of the potential liquidated damages for the class. Without some proof of the parties' calculations, the Court cannot find that the range of the plaintiffs' recovery is reasonable. *See id.* (rejecting settlement for failing to include proof of range of recovery).

## II.   ATTORNEYS' FEES

In the same vein, the plaintiffs have failed to include proof that their requested attorneys' fees — one-third of the settlement amount — are reasonable. Although a one-third contingency fee is often determined to be reasonable in this Circuit, this Court must also look to "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).

But the plaintiffs have failed to include any component of a proper fee request, simply asserting their attorneys billed "in excess of $170,000 to date." Doc. 154 at 7. This is a far cry from a proper fee request in this Circuit, which normally includes, "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Garcia*, 2015 WL 2359502, at *6; *accord Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec.

14, 2015) (evaluating the reasonableness of plaintiff's request for fees of one-third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

As with the reasonableness of the settlement amount, the Court cannot approve the settlement without some documentation from the plaintiffs' attorneys proving the reasonableness of their fee.

## III.   CONCLUSION

Aside from the issues detailed above, the Court finds that the remainder of the settlement agreement is fair and reasonable under *Cheeks* and does not include any overly restrictive clauses, such as an over-broad release provision, *see Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015), or non-disparagement clauses, *see Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT) (GWG), 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015).  Regardless, without more proof as to the reasonableness of the settlement amount and attorneys' fees, the Court will not approve the agreement.

The parties may proceed in one of the following ways:

1.  File a revised application for approval of the settlement agreement on or before **August 24, 2020** that includes documentation of the settlement amount and attorneys' fees request;

2.  File a joint letter on or before **August 24, 2020** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3.  Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.


Dated:    July 24, 2020
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.