UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVARO DECTOR *and* WILSON ROMERO, *individually and on behalf of others similarly situated*,

                      Plaintiffs,

– against –

CHRISTOPHER CHIERCHIO, RCI PLBG, INC. *and* ROBERT DIMICELI,

                      Defendants.

**ORDER**

17 Civ. 2269 (ER)

RAMOS, D.J.:

On July 24, 2020, this Court denied the plaintiffs' application to approve their collective's settlement with the defendants. Doc. 155. In that Opinion and Order, the Court reviewed the settlement according to the test laid out in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), and found that the plaintiffs had not provided sufficient support for the reasonableness of the settlement amount or the proposed attorneys' fee.

On August 24, 2020, the plaintiffs resubmitted their settlement for approval, this time including their estimates of the time worked by members of the collective, the damages they are owed, and their attorneys' billing records. Doc. 156. The Court has reviewed these newly provided records and finds that the settlement amount of $550,000 is reasonable given the nearly full recovery of minimum wage and overtime claims, as well as the substantial recovery for claims made under state law.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours

required by the case — which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed settlement agreement, plaintiffs' attorneys will retain $183,333.33 — one-third of the total settlement amount ($550,000) plus $5275.68 in costs. In line with the requirements for FLSA settlement approval in this Circuit, plaintiffs' counsel has submitted billing records detailing the type of work performed and hours logged by each attorney or staff member in this matter so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney." (internal quotation marks and citations omitted)); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (evaluating the reasonableness of plaintiff's request for fees of one-third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, i.e. the lodestar method).

Here, plaintiffs' counsel's lodestar calculation is $179,238.50. Doc. 156 ex. 4. This work includes drafting court documents, calculating damages, attending mediation, trial preparation, and settlement negotiations. The total amount of hours billed by all individuals is 533.7 hours. *Id.* The Court is satisfied with the billing rates of between $270 and $525 for counsel who have worked on this matter. Based on these sums, the

Court finds that the requested attorneys' fees, about one-third of the settlement and about the same amount as the lodestar, are objectively reasonable.

Accordingly, the Court finds that the settlement complies with *Cheeks v. Freeport Pancake House, Inc.*, and approves the settlement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   September 22, 2020
         New York, New York

                                                                 EDGARDO RAMOS, U.S.D.J.