UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVARO DECTOR *and* WILSON
ROMERO, *individually and on behalf of all
others similarly situated*, et al.,

                              Plaintiffs,

           *– against –*

RCI PLBG, INC., CHRISTOPHER
CHIERCHIO, *and* ROBERT DIMICELI,

                              Defendants.

**OPINION & ORDER**

17-cv-2269 (ER)

RAMOS, D.J.:

    This Fair Labor Standards Act ("FLSA") case was filed on March 29, 2017.  Doc. 1.  The
Court approved the parties' settlement agreement on September 22, 2020.  Doc. 157.  The
agreement included a provision indicating that the Court would retain jurisdiction over its
enforcement.  Doc. 156-1 at 11.

    Before the Court is the plaintiffs' motion to enforce the settlement, following the
defendants' failure to meet their obligations pursuant to the agreement.  Doc. 179.  The motion
also includes a request for declaratory judgment concerning the defendant parties against whom
the judgment shall be enforced.  Doc. 179-1 at 11–12.  For the reasons stated herein, the motion
is GRANTED in PART and DENIED in part.

## I.      BACKGROUND

Plaintiffs are all former employees of defendant RCI PLBG, Inc.,[1] where they worked as plumbers and mechanics in Manhattan and Staten Island, New York, from February 2016 through January 2017.  Doc. 9 ¶ 1.  They alleged that the defendants[2] failed to pay them their due overtime wages and also failed to provide them with wage statements, as required by the FLSA and the New York Labor Law ("NYLL").  *Id.* ¶ 2.

The parties settled the instant dispute in August 2020.  Doc. 156.  Pursuant to the settlement agreement, the defendants agreed to pay plaintiffs a total of $550,000.  Doc. 156-1 at 3 § 2.  The agreement indicated that the defendants would make sixteen monthly payments of $34,375, with the initial payment to be due in March 2020, and the final payment to be due in June 2021.  *Id.*

The settlement also provided that, concurrently with the execution of the agreement, the defendants would provide affidavits of confession of judgment.[3]  *Id.* at 6 ¶ 2(g).  The affidavits were to be held in escrow by counsel for plaintiffs, and were to be entered only in the event that the defendants defaulted on their payment obligations.  *Id.*  In other words, the affidavits were created to ensure that the plaintiffs would receive the settlement payments from the defendants,

---

[1] In the instant motion, the plaintiffs state that RCI PLBG, Inc. operated as a plumbing operation under New York City License Master Plumber #2136, which was located at 225 Victory Blvd., Staten Island, NY 10301.  Doc. 179-1 at 12–13.  However, the complaint states otherwise; it indicates that RCI PLBG, Inc. was located at 545-547 Midland Ave., Staten Island, NY 1306.  Doc. 9 ¶ 7.  The motion also states that another entity, Pro-Star Plumbing, Heating & Mechanical, Inc. ("Pro-Star"), now operates under the same license number as RCI PLBG, Inc., at 225 Victory Blvd., Staten Island, NY 10301.  Doc. 179-1 at 12–13.

[2] According to the complaint, individual defendant Christopher Chierchio managed and controlled RCI PLBG, Inc., and was an employer of plaintiffs under the FLSA and NYLL.  Doc. 9 ¶ 9.  Defendant Robert Dimiceli was the chief executive officer ("CEO") of RCI PLBG, Inc.  *Id.* ¶ 11.

[3] The blank affidavits of confession of judgment attached to the settlement agreement stated that there would be a 35% penalty of $192,500 in the event of a default pursuant to the terms of the agreement.  Doc. 156-1 at 26 ¶ 3.

and to provide for additional compensation in the event that the defendants failed to do so.  *See generally id.*

The Court approved the settlement and closed the case on September 22, 2020.  Doc. 157. However, the defendants failed to make any payments or deliver the affidavits of confession of judgment upon the execution of the agreement.  Doc. 179-2 ¶¶ 5, 6.  On June 21, 2021, the plaintiffs informed the defendants that they had defaulted under the agreement, and that they would seek enforcement.  *Id.* ¶ 7.  According to plaintiffs, they notified the defendants that the amount to be enforced would include a penalty of $192,500,[4] in addition to the settlement amount of $550,000, bringing the total amount due to $742,500, plus interest.  *Id.* ¶ 8.

Thereafter, plaintiffs asked the Court to approve a forbearance agreement amending the payment schedule pursuant to these changes on August 12, 2021.  Doc. 158.  The Court approved the agreement, Doc. 159, which set payment dates for August 16, 2021 and October 1, 2021, Doc. 158-1 at 1 ¶ 1.  On each of the two new dates, the defendants[5] were to pay $275,000, which together amounted to the full amount of $550,000 set forth in the settlement agreement.[6]  *Id.*  The forbearance agreement also stated that defendant Christopher Chierchio would deliver an executed affidavit of confession,[7] which would be held in escrow.[8]  *Id.* at 1–2 ¶ 2.  And it further

---

[4] The $192,500 penalty is 35% of the settlement total of $550,000.  Doc. 154-1 at 26.  The blank affidavits of confession of judgment attached to the settlement agreement provided for this penalty.  *See, e.g.*, *id.*

[5] In the forbearance agreement, only RCI PLBG, Inc. and Chierchio were defined as the defendants.  Doc. 158-1 at 1.

[6] The forbearance agreement did not include the penalty of $192,500.  *See generally* Doc. 158-1.

[7] Although defendants initially failed to deliver signed confessions after the settlement agreement was executed, defendant Chierchio later delivered an executed confession pursuant to the terms of the forbearance agreement. Doc. 179-1 at 10 n.1; *see also* Doc. 176-2 (executed confession of judgment).  The precise date of the delivery is not clear from the record; however, plaintiffs indicate that this took place after the forbearance agreement was filed with the Court.  Doc. 179-2 ¶ 9.

[8] The forbearance agreement acknowledged that the defendants failed to provide counsel for plaintiffs with the executed affidavits of confession of judgment outlined in the initial settlement agreement.  Doc. 158-1 at 1 ¶ 2.

noted that if the defendants failed to make their payments, they would be in default of the forbearance agreement and settlement agreement.  *Id.* at 2 ¶ 3.  The forbearance agreement was signed and dated by Dector, Romero, and Chierchio, but not Dimiceli.  *Id.* at 3.

Several months later, the plaintiffs requested a conference to discuss a dispute regarding the defendants' failure to make the agreed-upon payments.  Doc. 160 at 1.  The Court held a conference on March 18, 2022, wherein it directed the parties to submit a joint status report regarding the settlement payments.  Doc. 163.  The parties thereafter submitted a series of four status reports.  Docs. 164, 165, 166, 167.  In each of the reports, counsel for defendants indicated that the amount owed remained unpaid, and that defendant Chierchio was making efforts to obtain the funds necessary to pay the agreed-upon settlement amount in full.  *See id.*; *see also* Doc. 179-2 ¶ 11 ("Subsequent to the default on the Forbearance Agreement, Defendant Chierchio would promise that payment of the settlement amount was imminent.  If plaintiffs would forestall collection for just another few days, they would be paid in full shortly without need of the collection process, was the substance of all such offers.  No payments were ever made.").  The docket then remained inactive for approximately one year,[9] when the plaintiffs requested a conference in anticipation of their motion to enforce the settlement agreement.  Doc. 169.

In March and April 2023, the plaintiffs again extended the deadlines for payment; however, no payments were ever made.  Doc. 179-2 ¶ 12.  The Court then held a conference on April 21, 2023.  Counsel for defendants requested permission to withdraw as counsel,[10] and

---

[9] Plaintiffs indicate that although additional status letters were not filed, "the same basic pattern continued" until April 2023.  179-1 at 7.  Chierchio would promise that payment was imminent, but no payments were made.  *Id.*

[10] Counsel for defendants informed the Court that they had not received payment of legal fees from their clients since 2019.  *See generally* Doc. 174.  Defendants have not obtained new counsel as of this date.

plaintiffs were granted leave to file the instant motion, *see* Min. Entry dated Apr. 21, 2023, which was filed on May 18, 2023, Docs. 176, 179.  Defendants failed to oppose the motion.

## II.    LEGAL STANDARD

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974).  The party seeking to enforce a purported settlement agreement bears the burden of proving that such a binding and enforceable agreement exists.  *E.g.*, *Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006).

A "motion to enforce a settlement agreement is fundamentally a claim for breach of a contract."  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).  "In turn, settlement agreements are contracts and must therefore be construed according to general principles of contract law."  *Jimmo v. Burwell*, No. 22-cv-17 (CR), 2016 WL 4401371, at *6 (D. Vt. Aug. 17, 2016) (citing *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)).

## III.   ANALYSIS

### A.  Breach of the Agreement

Plaintiffs' motion to enforce the settlement agreement and the forbearance agreement is granted.  As they note, this Court so ordered both documents, and it retained jurisdiction for the purposes of enforcement.  *See* Doc. 179-1 at 8.  The Court has otherwise supervised the parties' efforts to meet their responsibilities under the settlement.  Docs. 163–167.  During that time, the defendants—and specifically, Chierchio—acknowledged their obligations on multiple occasions, and they reaffirmed their intention to fulfill those obligations.  Docs. 158-1, 164, 165, 166, 167.

Notwithstanding these circumstances, the record makes clear that defendants have failed to make their payments as required.[11]  In other words, they have breached the terms of the parties' agreements, and the plaintiffs are entitled to enforcement.

The plaintiffs contend that they are entitled to a sum total of $742,500, which equals the total settlement amount ($550,000) plus a 35% penalty ($192,500).  Doc. 179-1 at 11.  They argue that they are entitled an entry of the "promised [c]onfessions" to enforce the settlement against *all* defendants, and they ask the Court to enter judgment accordingly.  *Id.*  Importantly, however, the plaintiffs only obtained and filed an executed confession from defendant Chierchio—and the penalty amount was not otherwise indicated in the settlement agreement *or* the forbearance agreement.  Doc. 176-2; *see also* Doc. 156-1; Doc. 158-1.  Nor did Dimiceli sign the forbearance agreement—in fact, as noted above, Dimiceli was not included as a defendant in the forbearance agreement.  *See generally* Doc. 158-1.  For these reasons, the Court finds that the plaintiffs are entitled to enforcement, against all defendants, only of the amount stipulated in the initial settlement agreement signed by all parties ($550,000).  Doc. 156-1 at 14.  It further concludes that, at this juncture, the plaintiffs are entitled to enforcement of the additional penalty amount ($192,500) against defendant Chierchio only—pursuant to the signed, executed, and filed confession of judgment.[12]  Doc. 176-2.

---

[11] Additionally, as noted above, the defendants failed to initially deliver signed affidavits of confession of judgment, as required by the initial agreement.  Doc. 156-1 at at 6 ¶ 2(g).

[12] As relevant here, and as set forth above, the forbearance agreement indicated that only Chierchio would provide an executed affidavit of judgment.  Doc. 158-1 at 1–2 ¶ 2.  The confession was signed by Chierchio in his individual capacity.  Doc. 176-2.

6

### B.  Request for Declaration Regarding Defendant RCI PLBG, Inc.'s Successor

The plaintiffs also request that the Court enter a declaratory judgment entitling them to enforce their judgment against an entity that it labels in its motion the "successor entity" of defendant RCI PLBG, Inc., namely, Pro-Star.  Doc. 179-1 at 11–12.  In support of this request, plaintiffs make the following observations:

- RCI PLBG, Inc. was operated as a plumbing operation under New York City License Master Plumber #2136, and was located at 225 Victory Blvd., Staten Island, NY 10301;

- Defendant Dimiceli holds Master Plumber License #2136;

- Pro-Star is currently operating out of 225 Victory Blvd., Staten Island, NY 10301, using Master Plumber License #2136.

*Id.* at 12–13.  They thus contend that Pro-Star is the successor in liability to RCI PLBG, Inc. "as a result of a *de facto* merger," insofar as Dimiceli owns and operates Pro-Star using the professional license and office space of RCI PLBG, Inc.  *Id.* at 13.  In the alternative, they request a conference with the Court to discuss successor liability.  *Id.*

The plaintiffs' request for declaratory relief regarding the successor status of Pro-Star is denied at this juncture.  The Court simply has insufficient information to declare, as a matter of law, that (1) Pro-Star is indeed the successor entity of defendant RCI PLBG, Inc., and (2) the plaintiffs may enforce the settlement against Pro-Star.  Beside the plaintiffs' observations pertaining to the overlapping license number and physical address of these two entities, the Court has no information upon which to base a conclusion that a *de facto* merger took place here, or that successor liability is appropriate.  Accordingly, plaintiffs' request in this regard is denied without prejudice to a future application.

## IV.    CONCLUSION

For the reasons stated herein, the plaintiffs' motion to enforce the settlement agreement is GRANTED in PART and DENIED in PART.  Additionally, the motion for Nils C. Shillito and Stephen D. Hans & Associates, P.C., to withdraw as counsel of record for defendants, Doc. 173, is GRANTED.

The parties are directed to appear for a telephonic status conference on October 3, 2023, at 4:30 PM.  The parties are to dial (877) 411-9748 and enter access code 3029857#.

The Clerk of the Court is respectfully directed to terminate the motion, Docs. 173, 176, 179.

It is SO ORDERED.

Dated:    August 21, 2023
          New York, New York

                                             _____
                                                    Edgardo Ramos, U.S.D.J.